No. 23,545.

THE STATE OF KANSAS, *Appellee*, v. WILLIAM DOEBELE, *Appellant*, et al.

### SYLLABUS BY THE COURT.

LIQUOR LAW—*Evidence Sufficient to Convict.* Evidence considered, and held sufficient to establish the unlawful possession of intoxicating liquor.

Appeal from Washington district court; JOHN C. HOGIN, judge. Opinion filed October 8, 1921. Affirmed.

*Edgar Bennett,* and *Frank H. McFarland,* both of Washington, for the appellant.

*F. C. Baldwin,* county attorney, and *A. J. Freeborn,* of Washington, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The appellant, who holds the office of mayor of the town of Hanover, was convicted of the offense of unlawfully having in his possession intoxicating liquor. His sole contention is that the evidence is insufficient to establish the fact of possession.

The state's evidence was to this effect:

On August 9, 1919, William Doebele and his brother, Edward, were together in Kansas City, Mo., leaving there in the evening on a train for St. Joseph, Mo., where they waited together an hour and a half for a train to Hanover. Edward had eleven quarts of whiskey in two suitcases. On the train to Hanover, the brothers occupied the same seat a part of the time and under the seat were the two suitcases containing the liquor. They arrived at two-thirty in the morning of the 10th, and went to William's house. Edward then went across the street to where his brother, Henry, lived, who was in bed asleep, wakened him and had him go to William's house where the three drank part of the whiskey. Henry drank too much and after going home abused his wife. She called the city marshal to come to her protection and informed him that there was whiskey in William's house and asked him to get the sheriff

and have all three of the brothers arrested. The sheriff had just arrived at appellant's residence when a car drove up in which were William, Edward and George Doebele and Frank Seeberger. The sheriff showed them the warrant and William said: "There's nothing to that at all. Just forget it. It was just a little family affair." He inquired who started the prosecution. The sheriff said: "You had some liquor last night did you not?" Edward said, "Yes, we brought in some whiskey last night and we stopped at Henry Doebele's as we came from the train and drank it all up." William, the appellant, said: "That is true, we have no whiskey, we drank it all up." He said that if the sheriff thought there was any whiskey in the house to go in and search. He afterwards withdrew this offer and refused to permit a search without a warrant. A warrant was procured and the whiskey was found in a closet of the bedroom in William's house.

It is argued that the fact is undisputed that the liquor was placed in William Doebele's home without his knowledge or consent, and that he could not have counselled, aided or abetted his brother in the commission of the offense. We think there were several circumstances which justified the jury in arriving at the verdict.

Moreover, the city marshal testified that he had a conversation with appellant about his arrest and the search of his house in which the appellant complained that the marshal should have exercised a little consideration, and could have put off calling the sheriff a couple of hours and then have told the parties that he was unable to get him; that among other things, the appellant said: "You could have let us know when they were coming." The fact of possession, like any other element in the offense charged, may be established by circumstantial evidence.

The judgment is affirmed.